**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
ALBERTO MORA, ROSENDO HERNANDEZ,   :
JOSE ENCARNACION and CYNTHIA   :    Civil Case No.
GITONGA, on behalf of themselves and on behalf   :
of other similarly-situated individuals,   :
   :   **COLLECTIVE AND CLASS**
   :   **ACTION COMPLAINT**
                Plaintiffs,   :
   :
     -against-   :   **Jury Trial Demanded**
   :
230FA LLC d/b/a 230 FIFTH AVENUE,   :
   :
                Defendant.   :
---------------------------------------------------------------- X

Plaintiffs Alberto Mora, Rosendo Hernandez, Jose Encarnacion, and Cynthia Gitonga

("Plaintiffs"), on behalf of themselves and all other similarly-situated individuals, by and through

their undersigned counsel Wigdor LLP, as and for their Complaint in this action against

Defendant 230FA LLC d/b/a 230 Fifth Avenue ("230 Fifth" or "Defendant"), hereby allege as

follows:

## NATURE OF THE CLAIMS

1.      Plaintiffs are former service employees of Defendant, 230 Fifth, a restaurant and

bar located in the Flatiron District in New York City.  During their employment with Defendant,

Plaintiffs, who have been employed as Servers, Bussers and Runners, and other similarly-

situated individuals, were subjected to multiple violations of federal and state labor laws,

including (i) failure to pay minimum wage in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 650 *et seq.*;

and (ii) illegal retention and distribution of employee gratuities and "charges purported to be

gratuities," in violation of NYLL § 196-d.

1

2.      Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly-situated persons who were employed by Defendant as "Servers," "Bussers," "Runners," "Barbacks," "Bartenders," and other similar "tipped" positions who were not paid the prevailing minimum wage for all hours worked during the full statute of limitations period (the "FLSA Collective Period").  Plaintiffs and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

3.      Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of themselves and on behalf of all other similarly-situated persons who were employed by Defendant as "Servers," "Bussers," "Runners," "Barbacks," "Bartenders," or similar "tipped" positions who: (a) were not paid the prevailing minimum wage for all hours worked; and (b) had gratuities and/or "charges purported to be gratuities" unlawfully retained from their wages, for the full statute of limitations period (the "NYLL Class Period").  Plaintiffs and all other such similarly-situated persons are jointly referred to herein as the "NYLL Class."

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

5.      Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

6.      Plaintiff Alberto Mora is an adult resident of New York State and has been employed by Defendant as a Busser from in or about April 2014 to the present.  At all relevant times, Mr. Mora has been an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Plaintiff Mora will be filed with the Court.

7.      Plaintiff Rosendo Hernandez is an adult resident of New York State and was employed by Defendant as a Runner from in or about April 2015 to December 2015.  At all relevant times, Mr. Hernandez was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Plaintiff Hernandez will be filed with the Court.

8.      Plaintiff Jose Encarnacion is an adult resident of New York State and was employed by Defendant as a Runner and a Busser from in or about 2012 to May 2016.  At all relevant times, Mr. Encarnacion was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Plaintiff Encarnacion will be filed with the Court.

9.      Plaintiff Cynthia Gitonga is an adult resident of New York State and was employed by Defendant as a Server from in or about mid-2014 to October 2015.  At all relevant times, Ms. Gitonga was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Plaintiff Gitonga will be filed with the Court.

10.     Defendant 230FA LLC d/b/a 230 Fifth Avenue is a New York limited liability company, located at 230 Fifth Avenue, New York, New York 10001.  At all relevant times,

Defendant was/is an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

## FACTUAL ALLEGATIONS

### Minimum Wage Violations

11.     Defendant was/is permitted under the FLSA and NYLL to pay certain tipped employees at a statutory hourly rate that is less than the standard hourly minimum wage rate so long as the "tips" or "gratuities" that such tipped employee is expected to receive, when added to the hourly wages, meet or exceed the standard hourly minimum wage, and so long as all tips received by the employees are retained by the employee, and no portion of the tips are retained by Defendant or given to employees in non-tipped positions.

12.     However, Defendant was not entitled to avail itself of the reduced minimum wage by applying the tip credit allowance for Plaintiffs, the FLSA Collective, and the NYLL Class, because, *inter alia*, Defendant required them to share and/or pool their tips with non-"tipped" employees such as Expeditors, and other employees who did not perform "tipped" duties and/or did not have meaningful interaction with customers.

13.     As such, Defendant was obligated to pay Plaintiffs, the FLSA Collective, and the NYLL Class the standard hourly minimum wage rate, and not any reduced minimum wage through application of a tip credit.

14.     At relevant times throughout the FLSA Collective Period and NYLL Class Period, Plaintiffs, the FLSA Collective, and the NYLL Class were required to pool their tips with other service employees, and would receive tips based on a point system that corresponded to each employee's specific position.

15.     However, participating in the tip pool were Expeditors, who did not perform any direct customer service, were not engaged in customarily tipped work, and did not have meaningful interaction with customers.

16.     Specifically, an Expeditor's job duties were performed exclusively in the kitchen, completely out of customers' view.  Expeditors worked as liaisons between the kitchen staff and front of house staff, and would ensure that food orders were organized and at the right temperatures.

17.     At all relevant times, Defendant knew that nonpayment of the minimum wage would economically injure Plaintiffs, the FLSA Collective, and the NYLL Class and violated federal and state laws.

**New York Labor Law § 196-d Violations**

18.     During Plaintiffs' employment and at relevant times during the NYLL Class Period, Defendant unlawfully retained tips and distributed tips to tip ineligible employees that were owed to Plaintiffs and other members of the NYLL Class, in violation of NYLL § 196-d.

19.     In addition, during Plaintiffs' employment, Defendant held private events at 230 Fifth, for which Defendant's clients were required to pay an automatic/mandatory "service charge," "administrative charge," or charge with a similar name comprising a percentage of the total bill (referred to herein as the "Service Charge").

20.     Defendant led or knowingly allowed its customers to reasonably believe that the Service Charge was a gratuity by, *inter alia*, calling it a "Service Charge," representing to customers that the Service Charge was a gratuity, and failing to tell customers that the Service Charge was not a gratuity.

21.     However, Defendant did not remit the gratuities collected from private events to Plaintiffs and members of the NYLL Class.

22.     Defendant's private event customers did not ordinarily leave any additional gratuity for Plaintiffs and the NYLL Class members other than what is paid to Defendant pursuant to the Service Charge.

23.     Throughout the relevant time period, Defendant had knowledge of NYLL § 196-d and the legal requirement that service employees are entitled to their gratuities, and that it is unlawful for gratuities to be retained by the employer.

24.     Nonetheless, Defendant unlawfully retained all or part of these Service Charges and other gratuities collected from private events, which should have been distributed to Plaintiffs and the NYLL Class.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and on behalf of all other similarly-situated persons who were employed by Defendant as "Servers," "Bussers," "Runners," "Barbacks," "Bartenders," or other similar service "tipped" positions during the FLSA Collective Period.

26.     At all relevant times, Plaintiffs and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendant's practice of willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, and allowing non-tipped employees to share in their tips.

27.     During the FLSA Collective Period, Defendant was fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the minimum wage provisions of the FLSA.

28.     As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C. § 206 by not paying the FLSA Collective and Plaintiffs the prevailing minimum wage for all hours worked.

29.     Defendant's violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

30.     As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum wage, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

31.     While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are at least one hundred (100) other similarly-situated persons who were employed by Defendant as "Servers," "Bussers," "Runners," "Barbacks," "Bartenders," or other similar "tipped" positions during the FLSA Collective Period.

32.     Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendant should be required to provide Plaintiffs with a list of all persons employed by Defendant as "Servers," "Bussers," "Runners," "Barbacks," "Bartenders," similar service "tipped" positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiffs can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

33.    Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of

Civil Procedure 23 on behalf of themselves and on behalf of all other similarly-situated persons

who were employed by Defendant as "Servers," "Bussers," "Runners," "Barbacks,"

"Bartenders," or other similar service "tipped" positions who were/are: (i) not paid the prevailing

minimum wage for all hours worked; and (ii) unlawfully denied gratuities or charges purported

to be gratuities, or had such gratuities unlawfully distributed to tip-ineligible employees.

34.    The basic job duties of the NYLL Class were the same as or substantially similar

to those of Plaintiffs, and the NYLL Class were paid in the same manner and under the same

common policies, plans and practices as Plaintiffs.

35.    The NYLL Class, like Plaintiffs, all have been subject to the same unlawful

policies, plans and practices of Defendant, including not paying the prevailing minimum wage

for all hours worked and retaining and/or unlawfully distributing gratuities or charges purported

to be gratuities.

36.    During the NYLL Class Period, Defendant was fully aware of the duties

performed by Plaintiffs and the NYLL Class, and that those duties were not exempt from the

minimum wage and other applicable provisions of the NYLL and/or its regulations.

37.    As a result of Defendant's conduct as alleged herein, Defendant violated the

NYLL and/or its regulations by not paying the NYLL Class and Plaintiffs the prevailing

minimum wage for all hours worked and retaining and/or unlawfully distributing gratuities.

Defendant's violations of the NYLL and/or its regulations were willful, repeated, knowing,

intentional and without a good faith basis, and significantly damaged Plaintiffs and the NYLL

Class.

38.     As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the NYLL Class for the full amount of their unpaid minimum wage and the gratuities or charges purported to be gratuities retained and/or unlawfully distributed by Defendant, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the NYLL Class.

39.     Certification of the NYLL Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the NYLL Class.  Plaintiffs have standing to seek such relief because of the adverse effect that Defendant's unlawful compensation policies and practices have had on them individually and on members of the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class and Defendant.

40.     Plaintiffs' claims raise questions of law and fact common to the NYLL Class. Among these questions are:

     a.  Whether Defendant employed Plaintiffs and the NYLL Class members within the meaning of the NYLL;

     b.  Whether Defendant paid Plaintiffs and the NYLL Class members the federal and state minimum wage for all hours worked during the NYLL Class Period;

     c.  Whether Defendant's failure to pay the prevailing minimum wage to Plaintiffs and the NYLL Class constitutes a violation of NYLL §§ 650 *et seq*.;

     d.  At what common rate, or rates subject to common methods of calculation, were Defendant required to pay Plaintiffs and the Class members for their work;

     e.  Whether Defendant illegally retained Plaintiffs' tips and distributed them to non-tipped employees, such as Expeditors, and other individuals who were not working in customarily tipped positions and/or did not have meaningful contact with customers;

      f.   Whether the automatic/mandatory service charge charged to Defendant's private event customers was a gratuity within the meaning of NYLL § 196-d;

      g.   Whether Defendant illegally retained Plaintiffs' and the NYLL Class' gratuities or charges purported to be gratuities such as automatic/mandatory service charge during private events; and

      h.   Whether Defendant's violations of the NYLL and/or its regulations were willful.

41.    These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

42.    Plaintiffs are members of the NYLL Class that they seek to represent.  Plaintiffs' claims are typical of the claims of the NYLL Class.  The relief Plaintiffs seek for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

43.    Plaintiffs' interests are co-extensive with those of the NYLL Class that they seek to represent in this case.  Plaintiffs are willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action.  Plaintiffs have retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

44.    Defendant has acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

45.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendant's individual and class-wide liability and the essential predicate for Plaintiffs' and the NYLL Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

46.     The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

47.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

48.     The cost of proving Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the NYLL Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove Defendant's liability.

49.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least one hundred (100) similarly-situated persons who were/are employed by Defendant as "Servers," "Bussers," "Runners," "Barbacks," "Bartenders," or other similar "tipped" positions during the NYLL Class Period.

50.     Plaintiffs are currently unaware of the identities of the NYLL Class.  Accordingly, Defendant should be required to provide Plaintiffs with a list of all persons employed by Defendant as "Servers," "Bussers," "Runners," "Barbacks," "Bartenders," or other similar "tipped" positions during the NYLL Class Period, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiffs can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206)

51.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

52.     The FLSA requires covered employers, such as Defendant, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendant pay them the prevailing minimum wage under the FLSA.

53.     During the FLSA Collective Period, Defendant did not pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked for Defendant.

54.     As a result of Defendant's failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, Defendant violated the FLSA.

55.     The foregoing conduct of Defendant constitutes willful violations of the FLSA.

56.     Defendant's violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wage, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage in Violation of NYLL §§ 650 *et seq.*)

57.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58.     The NYLL requires covered employers, such as Defendant, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendant pay them the prevailing minimum wage under the NYLL.

59.     During the NYLL Class Period, Defendant did not pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours worked for Defendant.

60.     As a result of Defendant's failure to pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours, Defendant violated the NYLL.

61.     The foregoing conduct of Defendant constitutes willful violations of the NYLL.

62.     Defendant's violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (NYLL Violations for Illegal Retention of Gratuities)

63.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

64.     Plaintiffs and the NYLL Class members were employed by Defendant within the meaning of NYLL §§ 2 and 651.

65.     NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

66.     During the NYLL Period, Defendant unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiffs and the NYLL Class, including during private events, in violation of NYLL § 196-d.

67.     Due to Defendant's NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendant the amount of retained gratuities, liquidated damages, attorneys' fees and costs, and interest.

### FOURTH CLAIM FOR RELIEF
#### (NYLL Violations for Illegal Distribution of Gratuities)

68.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

69.     Plaintiffs and the NYLL Class members were employed by Defendant within the meaning of NYLL §§ 2 and 651.

70.     NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

71.     During the NYLL Period, Defendant unlawfully retained gratuities and "charges purported to be gratuities" from Plaintiffs and the NYLL Class and distributed them to tip-ineligible employees, in violation of NYLL § 196-d.

72.     Due to Defendant's NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendant the amount of retained gratuities, liquidated damages, attorneys' fees and costs, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, respectfully request that the Court:

A.      Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendant to provide Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.      Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendant's violations of the FLSA, and award those damages against Defendant and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated damages because Defendant's violations were willful and/or without a good faith basis;

E.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendant to provide Plaintiffs with a list of all members of the NYLL Class, including all last known addresses, telephone numbers and e-mail addresses of each such person,

so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

      F.      Designate Plaintiffs as representatives of the NYLL Class, and their counsel of record as class counsel;

      G.      Determine the damages sustained by Plaintiffs and the NYLL Class as a result of Defendant's violations of the NYLL and/or its regulations, and award those damages against Defendant and in favor of Plaintiffs and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

      H.      Award Plaintiffs and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendant's violations were willful and/or without a good faith basis;

      I.      Award Plaintiffs, the FLSA Collective, and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

      J.      Grant Plaintiffs, the FLSA Collective, and the NYLL Class such other and further relief that the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, on behalf of themselves and on behalf of all other similarly-situated persons,

hereby demand a trial by jury on all issues of fact and damages.

Dated: July 6, 2016
     New York, New York              Respectfully submitted,

                                      **WIGDOR LLP**

By: _____
                                 David E. Gottlieb
                                 Tanvir H. Rahman
                                 Alex J. Hartzband

                                 85 Fifth Avenue
                                 New York, NY 10003
                                 Telephone:  (212) 257-6800
                                 Facsimile:  (212) 257-6845
                                 dgottlieb@wigdorlaw.com
                                 trahman@wigdorlaw.com
                                 ahartzband@wigdorlaw.com

                                 *Attorneys for Plaintiffs and the Proposed*
                                 *FLSA Collective and NYLL Class*